**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4227

STEVEN L. HEARD,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4228

STEVEN L. HEARD,
Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-96-16)

Submitted: January 30, 1998

Decided: February 23, 1998

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James R. Fox, JORY & SMITH, L.C., Elkins, West Virginia, for
Appellant. William D. Wilmoth, United States Attorney, Robert H.

McWilliams, Jr., Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following a jury trial, Steven L. Heard was convicted on four counts of tax evasion in violation of 26 U.S.C.§ 7201 (1994), and the district court sentenced him to thirty-six months imprisonment. Heard appeals, claiming errors both at trial and sentencing. We find no merit to his claims. Consequently, we affirm.

Heard was an independent contractor who sold business forms to local businesses in the Clarksburg, West Virginia, area. A grand jury indicted Heard on four counts of violating 26 U.S.C.§ 7201, for evading income tax in the years 1989 to 1992. Heard did not deny failing to pay taxes. His sole defense at trial was that he had an honest but mistaken belief that the income tax laws did not apply to him.

Heard first contends that the trial court erred in admitting into evidence statements he made reflecting his rejection of the tax laws. When the government subpoenaed Heard before the grand jury, he filed a "Non-statutory Abatement." This preprinted form, which Heard characterizes as being synonymous with a motion to quash the subpoena, referred to the Clerk of the United States District Court and the United States Attorney as "Alien Enemy agents of a statutorily created, [sic] foreign de facto corporation, known as THE UNITED STATES OF AMERICA." (emphasis in original). Heard filed a motion in limine to bar introduction of the abatement at trial. The district court ruled that the government could use the abatement only for two purposes. First, if Heard attempted to claim he did not believe the tax laws applied to him, the document could be used to show that he

2

did not sincerely believe that these laws were inapplicable to him. Second, the government could use the abatement to cross-examine Heard's character witnesses if they testified that he was law-abiding, because the document was relevant to show that Heard rejected the authority of the United States. We find that the district court did not exceed its discretion in finding that the abatement was admissible under Fed. R. Evid. 404(b) to show such things as proof of intent and the absence of mistake or accident. See United States v. Queen, ___ F.3d ___, ___, 1997 WL 790470, at *3 (4th Cir. Dec. 29, 1997) (No. 96-4085).

Heard argues that by filing the abatement, he was asserting his Fifth Amendment privilege against self-incrimination and that the government improperly used this against him during the trial. However, the abatement never was mentioned during the government's case-in-chief. Instead, defense counsel engaged in a lengthy direct examination of Heard concerning the document, during which counsel elicited from Heard that he filed the abatement in order to invoke his Fifth Amendment privilege against incriminating himself before the grand jury. Because he introduced this testimony himself, any error which may have resulted is nothing more than invited error and thus is not reversible. See, e.g., United States v. Neal, 78 F.3d 901, 904 (4th Cir.) (no reversible error where defendant invited error himself by eliciting statements he challenged on appeal), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3260 (U.S. Oct. 7, 1996) (No. 95-9410).

During cross-examination, the government asked Heard about the abatement but, as directed by the district court in its order denying Heard's motion in limine, limited its questions to whether he believed the language of the document, particularly where it called the United States Attorney an alien enemy agent of a statutorily created foreign de facto corporation known as the United States. When questioning Heard's character witnesses, the government also limited its questions in accordance with the court's order concerning the motion in limine. Thus, we find no error in the court's admission of this evidence.

Next, Heard challenges the admissibility of two letters in which he urged two businesses to ignore summonses from Internal Revenue requesting financial records concerning him. In these letters, Heard questioned the authority of Internal Revenue and stated that he

3

believed the summonses could be ignored because process was illegally served. The mailing of these two letters was charged as specific acts of tax evasion in Count Four of the indictment. Heard argues that these letters constitute permissible conduct under 26 U.S.C.A. § 7609 (West 1989 & Supp. 1997), in that he claims that they were legitimate acts performed to quash the summonses.

Section 7609(b) allows an individual identified in business records summonsed by Internal Revenue to file a motion to quash the summons and then serve a copy of the motion to quash upon the third party record keeper. Even if the parties upon whom the summonses were served could be characterized as third party record keepers, Heard failed to file a motion to quash the summonses. We find that Heard's letters do not constitute the type of activity sanctioned under § 7609(b).

As the government argues in its brief, Heard's letters were relevant because they constituted overt acts of tax evasion charged in the indictment. Moreover, as Heard's key defense was that he was under the mistaken belief that he did not have to pay taxes, the letters were relevant evidence for the government to show that Heard rejected, rather than misunderstood, the tax laws. Thus, the district court did not exceed its discretion by admitting the letters into evidence. See Sasaki v. Class, 92 F.3d 232, 241 (4th Cir. 1996).

In five separate instances, a social security number other than Heard's real one appeared on documents pertaining to him. Specifically, five different social security numbers similar to Heard's true one, but with two or more numbers transposed, appeared on: (1) Heard's 1099 forms submitted to Internal Revenue by the company paying Heard's commission; (2) Heard's bank signature card for his checking account; (3) a utility service application for Heard's residence; (4) a loan application; and (5) a credit report for Heard. Heard argues that the introduction into evidence of the five incorrect social security numbers unfairly prejudiced him because there was no direct evidence that he was the one who supplied the false numbers.

Because there was no direct evidence showing that Heard supplied a false social security number to the company paying his commission in order to evade taxes, the government utilized the five different false

4

social security numbers to show through circumstantial evidence that Heard was the person who provided the false number for the 1099 forms. We find that these social security numbers were admissible under Fed. R. Evid. 404(b) to show that it was Heard who provided the false number to his company and to show that he did so intentionally rather than by mistake or accident.

Both in his direct testimony and on cross-examination, Heard denied responsibility for any of the five false social security numbers. At sentencing, the district court found this testimony to be both material and false and enhanced Heard's sentence two levels for perjury. Heard challenges this enhancement.

In order to enhance a defendant's offense level for perjury following an objection on that basis, a district court must review the evidence and "make independent findings necessary to establish a willful impediment to or obstruction of justice." United States v. Smith, 62 F.3d 641, 647 (4th Cir. 1995) (citing United States v. Dunnigan, 507 U.S. 87 (1993)). When engaging in this review, it is preferable for the court to address, in a separate finding, each individual element of perjury: (1) false testimony, (2) concerning a material matter, and (3) made with the intent to deceive. However, if the court's singular finding encompasses all of these necessary factual predicates, the enhancement is sufficiently justified. Id. Here, the court's findings at the sentencing hearing encompass all the necessary factual predicates. We therefore conclude that the district court did not clearly err by enhancing Heard's sentence for perjury.

For these reasons, we affirm Heard's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5